# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BLONDELL SIMMONS,** : | |
|    **Plaintiff** : | |
|                     v. : | **CIVIL ACTION NO. 3:13-0254** |
| **JEFFREY A. BEARD, et al.,** : | **(JUDGE MANNION)** |
|    **Defendants** : | |

## M E M O R A N D U M

On February 5, 2013, Plaintiff, a former inmate[1] at the State Correctional Institution, Muncy (SCI-Muncy), Pennsylvania, filed the instant civil rights action pursuant to 42 U.S.C. §1983. (Doc. No. 1). Along with the complaint, Plaintiff filed a motion to proceed *in forma pauperis*, (Doc. No. 2). Plaintiff names as Defendants, Jeffrey A. Beard, former Secretary of the Department of Corrections ("DOC"), Shirley Moore Smeal, DOC Executive Deputy Secretary, and 112 current and former employees of SCI-Muncy. Id. Plaintiff's complaint, a 259 page, stream of consciousness narrative, is summarized in her supporting affidavit, as follows:

> On November 13, 200, Blondell Simmons moved into Horizon House Mental Residential Housing Facility that was experimenting on Mind Control Micro chipping, when [she] was targeted for the experiment of Micro chipping. On December 18, 2000, she, Blondell Simmons underwent surgery at Pennsylvania University

---

[1] Plaintiff currently resides at 1515 Fairmont Avenue, Apt. #3, Philadelphia, Pennsylvania.

Hospital for a broken jaw that was broken in three places by a Police Officer, when [she] underwent surgery and was unethically implanted with the following implants without her consent, and knowledge, and that there was prior targeting around this Facility for experiments, but Blondell Simmons did not know from where, and whom it was coming from: Mind Control Microchip Implant; Mini Microchip batteries throughout her veins; Mini audio microphone, Mini Microchip camera in the right eye that she knows of, and is not sure if a camera is on both eyes that connected to Blondell Simmons's vital organs, wiring taking device in Blondell Simmons's back that is also connected to Blondell Simmons's vital organs, Blondell Simmons did not have any prior surgeries. On February 10, 2001, Blondell Simmons was tarted to Muncy State Prison for the Prison to carry out the experiment on the Micro chipping without Blondell consent to any sort of Micro chipping, and knowledge, during the arrest February 10, 2001, Blondell Simmons was totally disoriented physical unresponsive from the surgery, and mental health complication, and could not defend herself, and was railroaded into a crime she did not commit due to having poor representation that over looked Blondell Simmons's condition, and that Blondell Simmons was totally unaware that she was implanted until approx. December 2010 when Muncy State Prison carried out burned torture on the implants, mainly the microchip batteries that are implanted throughout Blondell's veins teeths, and abdomen, during this Blondell Simmons did not know that she was implanted or a target for micro chipping implants from. From January 2007 until February 2011, Blondell Simmons's release from Muncy State Prison, Blondell Simmons was physically abused mentally, emotionally, she was beaten down daily by antagonism, yelling and screaming to the point of spit in her face, and being kicked, never having stable housing to have a prison life. Blondell was totally harassed through her education, and employment, during this period there was only one period of Blondell Simmons living in one housing unit for a period of five months, the other months was constant housing unit moves with unconditional living conditions, the Officers used their walkie talkies, telephones, tracking devices, cameras, and other devices to counter the implant devices Blondell Simmons already have implanted, for a period of four years to inflict torture to Blondell's face, ears, eyes, nose, chin, head, temple of head, and forehead, abdomen, pelvic, and naval, elbows, shoulders, armpits, arms, wrist, ankles, calves, knees, hip, spine, toes – to all vital organ parts – to further this the

> Superintendent, Correctional Staff Member, and Correctional Officer elicited the inmates to physical harass, and abuse [her], no mater how many time Blondell asked the Correctional Staff to stop the officers' brutality, and other physical dangers, and harm, she was ignored, the entire Grievance Coordinators of these four years totally ignored Blondell's complaints, Blondell's food was experimented on a daily basis by the Central Prison Kitchen that was indicated that it was ordered by the Food & Drug Administration, Blondell Simmons could not get proper medical treatment without being harassed and told "Give in to them" without Blondell knowing what this meant, an ultrasound was conducted that showed a fetus in the ultrasound, Blondell was taught that she was unethically implanted through Muncy State Prison brutality and prison downsizing, and budget changes, Blondell Simmons was close to death being due to being electrically tortured through her neck and head with the Microchip implanting in December 2010, Blondell Simmons did not have any dental surgeries while incarcerated at Muncy State Prison. While seeing the Hygienist at Muncy State Prison the hygienist was literally digging out Microchip batteries, metal implanted battery(s) that could counteract torture to the already implanted Microchips.

(Doc. No. 3, Declaration of Blondell Simmons). For relief, Plaintiff seeks compensatory damages in the amount of nineteen million dollars, punitive damages in the amount of two million dollars, as well as declaratory and injunctive relief. (Doc. 1, Complaint at 43).

Pursuant to 28 U.S.C. §1915(a)(1),[2] the Court may authorize the commencement of a civil suit, without prepayment of fees, by a "person" who submits an affidavit that includes a statement that the person is unable to pay such fees. When reviewing *in forma pauperis* applications, the Court must

---

[2]This statute is not restricted to prisoner lawsuits. Powell v. Hoover, 956 F.Supp. 564, 566–67 (M.D.Pa.1997).

3

make two separate determinations. First, the Court must determine whether the plaintiff is eligible for pauper status pursuant to 28 U.S.C. §1915(e)(2)(A). Based on the information provided in the Plaintiff's *in forma pauperis* affidavit, the Court concludes she has insufficient funds to pay the requisite filing fee, and will grant Plaintiff's request to *proceed in forma pauperis*.

Second, pursuant to 28 U.S.C. §1915(e)(2)(B), and §1915A(a), the Court must "screen" the complaint to determine whether it is (i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant immune from such relief. If "at any time," the court determines that the action meets any of those criteria, the court "shall dismiss the case...." Id.

The United States Supreme Court has held that 28 U.S.C. §1915(e)(2)(B)'s term "frivolous" when applied to a complaint, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation," such that a claim is frivolous within the meaning of section 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989). Moreover, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, it is required to do so by the mandatory language of "the court shall dismiss" utilized by Section 1915(e). See, e.g., Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 145 n. 2 (3d Cir.1997) (describing section 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of *in forma pauperis* actions that are frivolous

4

or fail to state a claim."); Lopez v. Smith, 203 F.3d 1122, 1126–27 (9th Cir.2000).

An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325. Under 28 U.S.C. §1915(e)(2)(B)(i) and §1915A, a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. Id., 490 U.S. at 327–28; Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir.1989). See also Deutsch v. United States, 67 F.3d 1080, 1091–92 (3d Cir.1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back); Denton v. Hernandez, 504 U.S. 25(1992) (where complaint alleges facts that are "clearly baseless," "fanciful" or "delusional," it may be dismissed as frivolous).

Within the Third Circuit, courts have found that allegations which are considered fanciful, fantastic, and delusional are to be dismissed as frivolous. See Barnes v. Mercer County Court House, 2007 WL 1652533 *6 (D. N.J.) (dismissing claim that food served to inmates at correctional facility was hazardous to human health); Armstead v. Briggs, 2004 WL 339647 (D. Del.) (dismissing claim requesting that the court set up an appointment for the plaintiff with President George W. Bush so that she could tell him that she had filed a lawsuit seeking his permanent appointment as the President of the United States); Noble v. Becker, 2004 WL 96744 (D. Del.) (claims that government officials and others had engaged in a vast conspiracy to violate

5

his constitutional rights were delusional); Williams v. Werster, 1994 WL 313111 (E.D. Pa.) (plaintiff's claim that he had uncovered evidence of a conspiracy by the former mayor to commit sabotage and espionage in order to establish ecclesiastical law and in some way interfere with U.S. commerce were fanciful, fantastic, or delusional); Robinson v. Love, 155 F.R.D. 535 (E.D. Pa.1994) (where plaintiff alleged that he was subjected to witchcraft and attempts to poison him with cyanide, the allegations were fanciful, fantastic or delusional).

As with the above-cited cases, it is clear that the Plaintiff's claims that micro chips and micro chip batteries have been implanted within her for purposes of mind control and torture, as outlined above, are subject to dismissal as being frivolous.

On the basis of the foregoing, an appropriate order shall issue.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: May 16, 2013**
O:\Mannion\shared\MEMORANDA - DJ\2013 MEMORANDA\13-0254-01-wpd.wpd